UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FREDDIE GARLAND, JR.,

      Defendant.

                                        /

Case No. 07-20175-1

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE [24, 25, 26]**

On November 27, 2007, Defendant pleaded guilty, pursuant to a Rule 11 Plea Agreement [Dkt. #15], to one count of possession with intent to distribute 50 grams or more of a controlled substance. On April 17, 2008, the Court sentenced Defendant to a mandatory minimum sentence of 120 months (10 years) of imprisonment.

On September 17, 2008, Defendant filed a Motion for Reduction of Sentence [18] based on a change to the applicable Sentencing Guidelines. The Court appointed a federal defender to represent Defendant. The federal defender filed a

1

Notice [20] of his conclusion that it was unnecessary to supplement Defendant's motion. The government filed a Response [22], arguing that the Guidelines change could not affect Defendant's sentence because he had already received the lowest sentence allowed by the statutory mandatory minimum. On April 6, 2009, the Court issued an Order [23] denying Defendant's motion for the reasons stated by the government.

On October 26, 2009, Defendant filed a second Motion for Reduction of Sentence [24] based on a change to the applicable Sentencing Guidelines. On June 4, 2013, Defendant filed a third Motion for Reduction of Sentence [25]. Unlike his previous motions, this third motion was not based on a change to the Guidelines, but instead on the Fair Sentencing Act of 2010 (FSA); Defendant argued that the FSA should be applied retroactively to lower his mandatory minimum sentence from 10 years to 5 years. On November 10, 2015, Defendant filed a fourth Motion for Reduction of Sentence [26]. Defendant's fourth motion is based on another change to the applicable Sentencing Guidelines.

Defendant is not eligible for a sentence reduction. Defendant's pending motions [24, 26] based on a change to the applicable Sentencing Guidelines must be denied for the same reason his first motion was denied: Defendant has already received the lowest possible sentence allowed by the statutory mandatory

minimum. Defendant argues that the Sentencing Commission has authorized courts to retroactively reduce sentences below a statutory mandatory minimum. With limited exceptions, inapplicable here, he is incorrect. *E.g.*, *United States v. Bell*, 601 F. App'x 396, 398 (6th Cir. 2015) ("Typically, a sentencing court may not depart below a statutory minimum unless the government moves for such a departure under either 18 U.S.C. § 3553(e) or (f).").

Defendant's motion [25] based on the FSA must also be denied. The FSA may not be applied retroactively to defendants sentenced before its effective date. *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc). Defendant was sentenced in April 2008, well before the FSA became effective. Accordingly,

**IT IS ORDERED** that Defendant's Motions for Reduction of Sentence [24, 25, 26] are **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 20, 2015    Senior United States District Judge